

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| ASSOCIATED RECEIVABLES FUNDING, INC., | § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 6:05-2819-HFF |
| NU SPECIALTY FOODS, INC., DARRYL WEBB, | § § § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

## I.    INTRODUCTION

This is a breach of contract case.  The Court has jurisdiction pursuant to 28 U.S.C. § 1332. Currently pending before the Court is Defendants Nu Specialty Foods, Inc. and Darryl Webb's (Defendants) motion to dismiss for lack of personal jurisdiction.  For the reasons stated below, the Court will deny the motion.

## II.    STANDARD OF REVIEW

A plaintiff bears the burden of proving, by a preponderance of the evidence, that a court has personal jurisdiction over a defendant.  *New Wellington Financial Corp. v. Flagship Resort Development Corp.*, 416 F.3d 290, 294 (4th Cir. 2005).  Where, however, the court addresses the issue of personal jurisdiction without conducting an evidentiary hearing, "the burden on the plaintiff is simply to make a *prima facie* showing of a sufficient jurisdictional basis to survive the

jurisdictional challenge." *Id.* In making this prima facie showing, a plaintiff is entitled to deference, as a court must "construe all relevant pleading allegations in the light most favorable to the plaintiff, assume credibility, and draw the most favorable inferences for the existence of jurisdiction." *Id.*

III.    **DISCUSSION**

   A.    *Personal Jurisdiction Analysis*

   In South Carolina, the usual two-step inquiry into personal jurisdiction is collapsed into one step.[1] Because South Carolina's long-arm statute extends personal jurisdiction to the full reach permitted by the Due Process Clause, *Southern Plastics Co. v. Southern Commerce Bank*, 310 S.C. 256, 260, 423 S.E.2d 128, 130-31 (1992), a court need examine only whether its exercise of jurisdiction over a party would comport with due process requirements. *Federal Ins. Co. v. Lake Shore, Inc.*, 886 F.2d 654, 657 n.2 (4th Cir. 1989). In answering this inquiry, the Court uses a synthesized three-part test. *New Wellington*, 416 F.3d at 295. Under this test, the Court considers (1) the extent to which a party purposefully availed itself of the privilege of conducting activities in South Carolina, (2) whether the plaintiff's claims arise out of those activities directed at South Carolina, and (3) whether the exercise of personal jurisdiction would be constitutionally reasonable. *Id.* "In essence, a defendant must have minimum contacts with the forum state, and the court's exercise of jurisdiction must be reasonable." *ePlus Technology, Inc. v. Aboud*, 313 F.3d 166, 176-77 (4th Cir. 2002).

   _____

   [1] In the instant case, the Court analyzes only whether personal jurisdiction is established under specific jurisdiction principles.

2

In the instant case, Defendants assert that this test has not been satisfied. In support of this position, they submit affidavits indicating that their business activities at issue in this case did not take place in South Carolina. The Court rejects this argument and finds that Plaintiff has satisfied his burden of presenting a *prima facie* case that personal jurisdiction exists.

Plaintiff alleges that Defendants engaged in a business relationship with a South Carolina corporation, American Consolidated Management Group. Inc. (ACMG), (Pl. Aff. ¶¶ 3-4), which yielded accounts receivable in South Carolina, *id.* These accounts receivable, in turn, were assigned by the ACMG to Plaintiff. (Pl. Aff. ¶¶ 4-5 and Ex. B.) Plaintiff further alleges that it and Defendants contracted directly with each other regarding certain loans and security agreements. (Pl. Aff. ¶ 8 and Ex. E.) For purposes of this motion to dismiss, the Court views these allegations, supported by affidavits, as true. *New Wellington*, 416 F.3d at 294.

The business relationships between Defendants and ACMG and between Defendants and Plaintiff satisfy the due process analysis. *Cf. Mitrano v. Hawes*, 377 F.3d 402, 407 (4th Cir. 2004) (holding that personal jurisdiction exists in the state where the contract allegedly breached was entered into); *Colite Indus. V. G.W. Murphy Constr. Co.*, 377 S.E.2d 321, 322 (S.C. 1989) (holding that entry into a contract to be performed, at least in part, within South Carolina will subject a party to personal jurisdiction in South Carolina as long as the party was aware that some performance was to take place within the state). Specifically, these relationships indicate that Defendants purposefully availed themselves of South Carolina's markets. In addition, it appears that the present litigation arises out of an attempt to collect money owed to Plaintiff as a result of these business relationships; thus, the second prong of the due process analysis is satisfied. Finally, there is nothing unreasonable about subjecting Defendants to the jurisdiction of the South Carolina courts. Defendants could

assume, based on their relationships with South Carolina businesses, that they would be sued here. They entered into contracts with South Carolina businesses, which they have now, allegedly, breached. The Court's exercise of jurisdiction over Defendants is, therefore, "eminently reasonable and consistent with due process." *ePlus Technology*, 313 F.3d at 177.

       B.     *Contractual Provisions*

Even if the exercise of personal jurisdiction over Defendants were improper under the constitutional analysis, the Court would, nonetheless, hold that Defendants are subject to *in personam* jurisdiction in South Carolina based on Plaintiff's alternative argument. In this argument, Plaintiff alleges that the contract between it and Defendants contained (1) a forum selection clause which specified that South Carolina would be the forum for disputes, (2) a waiver of objections to personal jurisdiction, and (3) a clause stating that South Carolina law would govern the contract. (Pl. Aff. ¶ 8 and Ex. E.) Both the federal courts and the South Carolina courts enforce forum selection clauses which are not fundamentally unfair. *Carnival Cruise Lines v. Shute*, 499 U.S. 585 (1991); *M/S Bremen v. Zapata Offshore Co.*, 407 U.S. 1 (1972); *Security Credit Leasing, Inc. v. Armaly*, 529 S.E.2d 283 (S.C. App. 2000). Here, Defendants fail to advance any arguments as to why the Court should not give effect to the forum selection clause. Accordingly, the forum selection clause also renders Defendants subject to the personal jurisdiction of the Court.

Therefore, the Court concludes that Defendants are subject to personal jurisdiction in South Carolina. It is important to note, however, that the Court reaches this conclusion only when viewing the facts alleged in Plaintiff's Complaint and supporting affidavits as true. This "threshold *prima facie* finding that personal jurisdiction is proper does not finally settle the issue; [Plaintiff] must

4

eventually prove the existence of personal jurisdiction by a preponderance of the evidence, either at trial or at a pretrial evidentiary hearing." *New Wellington*, 416 F.3d at 294 n.5.

**IV.    CONCLUSION**

Based on the foregoing, the Court finds that Defendants' motion to dismiss for lack of personal jurisdiction should be, and hereby is, **DENIED**.  The Court finds Defendants' motion to stay these proceedings **MOOT**.

**IT IS SO ORDERED**.

Signed this 8th day of December, 2005, in Spartanburg, South Carolina.

s/ Henry F. Floyd
UNITED STATES DISTRICT JUDGE